UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-101-VAP (SP) | Date | February 25, 2015 |
|---|---|---|---|
| Title | YOLANDA BROWN v. DOE | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

| **Proceedings:** | **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust and Failure to Name Respondent** |
|---|---|

On January 22, 2015, petitioner Yolanda Brown filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). This court having reviewed the Petition, it appears that the Petition is subject to dismissal for two reasons, each of which warrants dismissal: (1) petitioner failed to name a respondent; and (2) as indicated in the Petition, petitioner has not exhausted her state remedies with respect to the grounds raised in the Petition. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **March 19, 2015**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

**Failure to Name a Respondent**

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-101-VAP (SP) | Date | February 25, 2015 |
|----------|------------------------|------|-------------------|

| Title | YOLANDA BROWN v. DOE |
|-------|----------------------|

the state officer who has custody.").  Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."  *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated").  The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction."  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Although it appears that petitioner is currently incarcerated at the Central California Women's Facility in Chowchilla, she does not name the warden of that institution as the respondent.  Rather, petitioner has failed to name any respondent.  As such, this court lacks jurisdiction over the Petition.

This defect may be easily remedied by the naming of a proper respondent, as discussed below.  The Petition also appears to suffer from a second defect, however, which may not be as easily remedied.

**Failure to Exhaust State Remedies**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-101-VAP (SP) | Date | February 25, 2015 |
|----------|----------------------|------|-------------------|
| Title | YOLANDA BROWN v. DOE | | |

basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised two purported grounds for relief in her federal habeas Petition: (1) insufficient evidence; and (2) actual innocence.  The Petition indicates that neither of the grounds it raises have been ruled on by the California Supreme Court, or even raised on direct appeal to the California Court of Appeal.  Further, this court has reviewed the opinion issued by the California Court of Appeal on petitioner's direct appeal in case number G046404, and that opinion indicates that none of the claims raised on direct appeal was the same as the claims raised in the instant federal Petition.  Accordingly, it appears none of the grounds raised here have yet been exhausted, making the Petition subject to dismissal.

### Petitioner's Options

Petitioner is **ordered** to file with the court a written response to this Order to Show Cause why the Petition should not be dismissed for failure to name a proper respondent and for failure to exhaust on or before **March 19, 2015.**  In her response to the Order to Show Cause, petitioner may set forth any reasons she wishes to argue against the dismissal of the action.

Alternatively, with respect to her failure to name a respondent, petitioner may file a response in which she identifies the name of the proper respondent and requests the court to deem the Petition amended to name the person she identifies as the respondent. Fed. R. Civ. P. 15.

With respect to the failure to exhaust, if petitioner contends that she has in fact exhausted her state court remedies on the grounds raised in her federal habeas Petition, she should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to her response copies of any documents establishing that grounds one and two are indeed exhausted.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for petitioner's convenience.**  The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-101-VAP (SP) | Date | February 25, 2015 |
|---|---|---|---|
| Title | YOLANDA BROWN v. DOE | | |

habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **March 19, 2015**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to name a proper respondent, for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**